### AVENI v GATTO et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9448.   Decided Feb 11, 1929

Sogg & Woodle, Cleveland, for Aveni.
H C Ward, for Gatto.

MIDDLETON, PJ and MAUCK, J of the 4th Dist and ROBERTS, J of the 7th Dist sitting.

MAUCK, J.

No complaint is now made by the petition in error that the judgment was prematurely entered, complaint only going to the overruling of the demurrer and the resulting dismissal of the plaintiff's petition. The reply filed by plaintiff after judgment admited that she was of full age at the time she was served in the suit in which judgment was obtained, and that she did not raise in that case the questions now sought to be raised in this action. She then denied all else in the answer and this, of course, was a denial of the former adjudication. In view of the fact that the plaintiff evidently desired this reply to be of record, the trial court ought not to have entered judgment dismissing the plaintiff's petition upon overruling the demurrer to the answer, and it would have been error to have dismissed it, without evidence, on the ground that it was barred by a former adjudication when such adjudication was not admitted.

We have concluded, however, that if all the pleadings had been in that were in after the plaintiff's reply was filed, that the defendants would have been entitled to a judgment upon the pleadings and consequently that no error intervened to the prejudice of the plaintiff. This appears from an examination of the petition itself. The case in which judgment was rendered against plaintiff was one for foreclosure and she now claims that in that case she was improperly deprived of her inchoate right of dower, and she predicates her right to vacate the judgment upon unavoidable casualty or misfortune, preventing her from defending her claims in the original case, as is provided for in the seventh paragraph of **Section 11631 GC.**  Her petition is somewhat vague in its recitations, but she successfully resisted a motion to make the pleadings more definite and certain. It must be assumed, therefore, that she pleaded all the facts that she had. Those facts, briefly, were that she signed the mortgages at a time that she was ignorant of the fact that she had a dower estate in her husband's property and was thereby encumbering the same, and that she was ignorant of the fact that her property rights might be affected by her acceptance of a deed to the property. There is nothing about either of these averments or anything else in the petition that even looks like unaviodable casualty or misfortune. Nor is there any reason alleged why she was

prevented from making her defense for what it was worth in the original action. It is simply a plea that she was ignorant of the law at the time the foreclosure case was tried and that she subsequently learned the law. There is not a single fact pleaded that tends to show "unavoidable casualty or misfortune preventing the party from prosecuting or defending." She consequently has no sort of a case and was not prejudiced by the fact that the judgment of dismissal was entered when it was.

Judgment affirmed.

Middleton, PJ, and Roberts, J, concur.